IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DEBORAH A. BERRY,                    )    CIVIL NO. 14-00414 HG-RLP
                                     )
              Plaintiff,             )
                                     )
        vs.                          )
                                     )
COMMISSIONER OF SOCIAL SECURITY )
ADMINISTRATION,                      )
                                     )
              Defendant.             )
_____ )


**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 28), IN
PART, WITH PREJUDICE,
and
AFFIRMING THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**


This case involves the appeal of the Social Security

Commissioner's final decision awarding Supplemental Security

Income benefits to Plaintiff Deborah A. Berry.

On October 18, 2010, Plaintiff filed an application for

Supplemental Security Income that was denied by the Social

Security Administration on December 8, 2010.  Plaintiff never

sought administrative review of the Social Security

Administration's denial of her October 18, 2010 application.

More than sixteen months later, on April 27, 2012, Plaintiff

filed a new application for Supplemental Security Income.  The

Social Security Administration denied Plaintiff's application

1

upon initial review and upon reconsideration.  After the Social
Security Administration denied reconsideration,  Plaintiff hired
Attorney Richard Tolin to represent her to seek further
administrative review of her April 27, 2012 application.
Plaintiff signed a fee agreement with Attorney Tolin.

Plaintiff, with the assistance of counsel, requested an
administrative hearing as to her April 27, 2012 application
before an Administrative Law Judge ("ALJ").  Attorney Tolin
represented Plaintiff at the administrative hearing and Plaintiff
testified in support of her April 27, 2012 application.  At the
hearing, Attorney Tolin, with Plaintiff present, amended
Plaintiff's onset date of disability to April 27, 2012, as it was
the earliest date upon which Plaintiff could be deemed disabled
based on the evidence in the record.  Plaintiff did not object to
amending the onset date of disability at the hearing.

The ALJ found there was no good cause to reopen Plaintiff's
October 18, 2010 application for benefits.  The ALJ reviewed
Plaintiff's April 27, 2012 application and determined that
Plaintiff was entitled to benefits and was disabled as of the
filing date of her April 27, 2012 application.  The ALJ also
issued an order approving the fee agreement between Plaintiff and
Attorney Tolin.

Plaintiff, proceeding pro se, sought review of the ALJ's
decision finding that she was entitled to benefits as of April

27, 2012.  Plaintiff argued that she had been disabled since 2008, and was therefore entitled to benefits from 2008 forward.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Plaintiff appealed to this Court.

Plaintiff seeks review of the ALJ's finding as to the onset date of her disability.  In addition, Plaintiff seeks review of the October 18, 2010 unexhausted application for benefits she filed with the Social Security Administration.  Plaintiff also challenges payments made by the Social Security Administration to reimburse the State of Hawaii and to compensate her former attorney.

Plaintiff's Amended Complaint (ECF No. 28) is **DISMISSED, IN PART, WITH PREJUDICE** for lack of subject matter jurisdiction. The Court **AFFIRMS** the final decision of the Commissioner of Social Security.

## PROCEDURAL HISTORY

On October 18, 2010, Plaintiff Deborah A. Berry filed an application for Supplemental Security Income with the Social Security Administration.  (See Notice of Disapproved Claim from Social Security Administration dated December 8, 2010, re: Plaintiff's October 18, 2010 Application for Supplemental Security Income, attached as Ex. 12 to Pla.'s Opening Brief, ECF No. 33-13).

3

On December 8, 2010, the Social Security Administration denied Plaintiff's October 18, 2010 application for Supplemental Security Income.  (Id.)

On April 27, 2012, Plaintiff Deborah A. Berry filed a new application for Supplemental Security Income with the Social Security Administration.  (Administrative Record ("AR") at 63, 119-27, 134, ECF No. 14).

On September 17, 2012, the Social Security Administration denied Plaintiff's April 27, 2012 application.  (AR at pp. 55-62, 70, 75-78).

On December 7, 2012, Plaintiff moved for Reconsideration of the denial of her April 27, 2012 Supplemental Security Income Application.  (AR at p. 79).

On June 13, 2013, Reconsideration of her April 27, 2012 application was denied.  (AR at pp. 63-74, 82-84).

On August 9, 2013, Plaintiff retained Attorney Richard Tolin and requested a hearing as to her April 27, 2012 application before an Administrative Law Judge ("ALJ").  (AR at p. 86-88).

On August 12, 2013, Plaintiff signed a fee agreement with Attorney Tolin.  (AR at p. 116).

On November 26, 2013, an ALJ conducted a hearing on Plaintiff's April 27, 2012 application and Plaintiff was represented at the hearing by Attorney Tolin.  (AR at pp. 39-54).

On January 8, 2014, the ALJ issued a decision granting

Plaintiff's request for Supplemental Security Income, finding Plaintiff was disabled since the April 27, 2012 filing date of her application.  (AR at pp. 33-38).

On the same date, the ALJ issued an order approving of the fee agreement entered into between Plaintiff and Attorney Tolin. (AR at p. 32).

On March 10, 2014, Plaintiff, proceeding pro se, filed a request for review of the ALJ's decision before the Appeals Council for the Social Security Administration.  (AR at p. 22). Plaintiff also sent a request by fax for an extension of time to submit additional evidence and legal argument.  (AR at p. 20).

On April 19, 2014, the Appeals Council granted Plaintiff's request for an extension of time to submit additional evidence and briefing for twenty-five additional days.  (AR at p. 13).

On May 14, 2014, Plaintiff sent a second fax to the Appeals Council and made a second request for an extension of time.  (AR at pp. 11-12).

On June 12, 2014, Plaintiff sent a third fax to the Appeals Council to provide a change of address.  (AR at p. 10).

On July 3, 2014, Plaintiff sent a fourth fax to the Appeals Council stating that she had not been represented by Attorney Tolin since November 26, 2013.  (AR at p. 9).

On July 9, 2014, the Appeals Council for the Social Security Administration denied further review of Plaintiff's application.

(AR at pp. 3-7).  The Appeals Council considered Plaintiff's
March 10, 2014 letter in rendering its decision.  (AR at p. 7).
The Appeals Council affirmed the ALJ's January 8, 2014 decision
as the final administrative decision by the Commissioner of
Social Security.  (AR at pp. 3-5).

On September 12, 2014, Plaintiff, proceeding pro se, sought
judicial review in this Court, pursuant to 42 U.S.C. § 405(g), of
the Commissioner of Social Security's final decision to grant
Plaintiff's application for Supplemental Security Income as of
the filing of her application on April 27, 2012.  (Complaint, ECF
No. 1).

On February 12, 2015, the Magistrate Judge issued a briefing
schedule.  (ECF No. 15).

On April 15, 2015, Plaintiff filed a MOTION FOR LEAVE TO
FILE MOTION FOR EXTENSION OF BRIEFING SCHEDULE with the
Magistrate Judge.  (ECF No. 16).

On April 17, 2015, Plaintiff filed a MOTION FOR LEAVE TO
FILE MOTION FOR EXTENSION OF BRIEFING SCHEDULE; MOTION FOR LEAVE
TO FILE MOTION FOR AMENDED COMPLAINT with the Magistrate Judge.
(ECF No. 18).

On April 20, 2015, the Magistrate Judge issued an Order
Granting Plaintiff's Motion for Leave to File Motion for
Extension of Briefing Schedule and Motion to File Amended
Complaint.  (ECF No. 22).

On April 27, 2015, the Magistrate Judge issued an Order Granting Plaintiff's Motion for Leave for 30-Day Extension of Briefing Schedule. (ECF No. 23).

On June 23, 2015, Plaintiff filed a MOTION FOR LEAVE FOR 30-DAY EXTENSION TO FILE AMENDED COMPLAINT; MOTION FOR LEAVE FOR EXTENSION OF BRIEFING SCHEDULE with the Magistrate Judge. (ECF No. 24).

On June 24, 2015, the Magistrate Judge issued a Minute Order Granting Plaintiff's Motion for Leave for Extension to File Amended Complaint. (ECF No. 27).

On July 23, 2015, Plaintiff filed an AMENDED COMPLAINT. (ECF No. 28).

On July 29, 2015, Plaintiff filed Exhibits in support of her Amended Complaint. (ECF No. 31).

On August 17, 2015, Plaintiff filed PLAINTIFF'S OPENING BRIEF. (ECF No. 33).

On October 8, 2015, Defendant filed DEFENDANT'S MOTION FOR FIRST EXTENSION OF 35 DAYS TO FILE THE ANSWERING BRIEF with the Magistrate Judge. (ECF No. 35).

On the same date, the Magistrate Judge issued a Minute Order Granting the Defendant's Motion for First Extension of 35 Days to File the Answering Brief. (ECF No. 36).

On November 20, 2015, Defendant filed DEFENDANT'S ANSWERING BRIEF. (ECF No. 37).

On December 4, 2015, Plaintiff filed MOTION FOR LEAVE FOR 30-DAY EXTENSION TO FILE PLAINTIFF'S REPLY BRIEF; MOTION FOR LEAVE FOR EXTENSION OF BRIEFING SCHEDULE with the Magistrate Judge. (ECF No. 38).

On December 15, 2015, the Magistrate Judge issued a Minute Order Granting Plaintiff's Motion for Leave for 30-Day Extension to file Plaintiff's Reply Brief. (ECF No. 42). The Magistrate Judge extended the deadline for Plaintiff's Optional Reply Brief to January 4, 2016.

Plaintiff did not file a Reply Brief.

On February 16, 2016, the Court held a hearing on Plaintiff's Appeal from the decision of the Commissioner of Social Security.

## BACKGROUND

Plaintiff was born on July 2, 1955. (Administrative Record ("AR") at p. 27, ECF No. 15). Plaintiff is a high school graduate with some college education. (Id. at p. 138). Plaintiff resides on the Island of Maui where she has at times been homeless. (Id. at pp. 119-20). Plaintiff has not worked since 2008. (Id. at p. 43-44, 120). Plaintiff claims that she has been disabled since March 1, 2008, as a result of major depressive disorder, post traumatic stress disorder, and migraine headaches. (Id. at pp. 119-20, 134).

The evidence in the record demonstrates that Plaintiff first filed an application for Supplemental Security Income benefits with the Social Security Administration on October 18, 2010. (Notice of Disapproved Claim from the Social Security Administration regarding Plaintiff's October 18, 2010 Application for Supplemental Security Income, attached as Ex. 12 to Pla.'s Opening Brief, ECF No. 33-13).

At the same time Plaintiff filed her first Application for Social Security benefits, Plaintiff signed a consent form with the State of Hawaii Department of Human Services. (Authorization for Repayment of Interim Assistance Form dated October 18, 2010, attached as Ex. 3 to Pla.'s Opening Brief, ECF No. 33-4). Plaintiff's consent form authorized the State of Hawaii Department of Human Services to be reimbursed for interim assistance payments that it provided to Plaintiff in the event that Plaintiff was awarded Supplemental Security Income benefits from the Social Security Administration. (Id.)

The Social Security Administration conducted an initial review of Plaintiff's October 18, 2010 Application for Supplemental Security Income and requested that Plaintiff provide further evidence in support of her claimed disability. On December 8, 2010, Plaintiff's application was denied because Plaintiff did not provide the evidence of disability as requested by the Administration. (Notice of Disapproved Claim issued on

December 8, 2010 by the Social Security Administration, attached as Ex. 12 to Pla.'s Opening Brief, ECF No. 33-13).

Approximately a year and a half later, on April 27, 2012, Plaintiff filed a new application for Supplemental Security Income with the Social Security Administration. (AR at pp. 35-36, 144-151, ECF No. 14). The claim was initially denied on September 17, 2012, and again upon reconsideration on December 7, 2012. (Id. at pp. 70, 79).

Following the denial of reconsideration, Plaintiff retained Attorney Richard Tolin to assist her in pursuing the administrative process. (Id. at p. 86). Plaintiff, with the assistance of counsel, requested an administrative hearing for an Administrative Law Judge to review her April 27, 2012 Application for Supplemental Security Income. (Id. at pp. 86-88).

On August 12, 2013, Plaintiff signed a fee agreement with Attorney Tolin. (Id.)

On November 26, 2013, Plaintiff appeared televideo with Attorney Tolin in Wailuku, Maui, and testified before an Administrative Law Judge presiding from San Francisco, California. (Id. at p. 33).

At the hearing, the Administrative Law Judge informed Plaintiff about the procedures for the hearing and asked her if she had any questions. (Id. at p. 41). Plaintiff stated "I feel as though the information in your letters and what Mr. Tolin has

said is good, so I feel comfortable with how the proceedings will go." (<u>Id.</u>)

The Administrative Law Judge found that the only application before him was Plaintiff's Application for Supplemental Security Income that was filed on April 27, 2012. (<u>Id.</u> at p. 42).  The Administrative Law Judge asked Plaintiff's counsel, Attorney Tolin, if Plaintiff's alleged onset date of disability should be amended to reflect Plaintiff's April 27, 2012 filing. (<u>Id.</u>)  The Administrative Law Judge stated:

> ALJ:   We have a Title XIV only with the concurrent filing on April 27 of 2012, is this the application you wish to pursue?
>
> ATTY:  Yes, Your Honor.
>
> ALJ:   Okay.  So then should we amend the onset date to this date?
>
> ATTY:  Yes, Your Honor.
>
> ALJ:   All right.

(<u>Id.</u> at p. 42).

Plaintiff was present and made no objection to amending the onset date of disability to April 27, 2012.

Plaintiff testified that she has constant headaches, difficulty with her memory, trouble interacting with others, and is unable to efficiently perform simple tasks. (<u>Id.</u> at pp. 45-51).  Plaintiff testified that she takes daily medication, regularly sees a therapist, and has seen a psychiatrist to treat migraine headaches, depression, and post-traumatic stress

11

disorder following a history of domestic violence.  (Id.)

On January 8, 2014, the Administrative Law Judge issued a written order granting Plaintiff's application for benefits. (Id. at 33-38).  The Administrative Law Judge found that Plaintiff did not have relevant past work and considering her age, education, work experience, and residual functional capacity, there were no jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Id. at p. 37). The Administrative Law Judge found that Plaintiff had been disabled since April 27, 2012.  (Id.)

The Administrative Law Judge issued a separate order approving Plaintiff's fee agreement with Attorney Tolin.  (Id. at p. 32).  The Order states, "I approve the fee agreement between the claimant and her representative subject to the condition that the claim results in past-due benefits.  My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted.  I neither approve nor disapprove any other aspect of the agreement.  **YOU MAY REQUEST A REVIEW OF THIS ORDER AS INDICATED BELOW.**"  (Id.) The Order sets forward the process to request review of either the fee agreement approval or the fee agreement amount by filing a request within fifteen days of the Order.  (Id.)  Plaintiff never sought review of the Fee Agreement Approval Order.

After Plaintiff's application for benefits was granted, on

February 13, 2014, the Social Security Administration informed
Plaintiff that it reimbursed $6,605.00 to the State of Hawaii
from her Supplemental Security Income past-due benefits as a
result of her agreement to permit reimbursement to the State for
its interim assistance payments.  (Letter from the Social
Security Administration to Plaintiff dated February 13, 2014,
attached as Ex. 10 to Pla.'s Opening Brief, ECF No. 33-11).

On March 10, 2014, Plaintiff, proceeding pro se, sought
review of the Administrative Law Judge's decision granting her
benefits with the Appeals Council. (<u>Id.</u> at pp. 20-22).  Plaintiff
asserted she had been disabled since March 1, 2008 and was
entitled to benefits from March 1, 2008 to April 27, 2012 as
well.  (<u>Id.</u>)  Plaintiff filed a request for an extension of time
to submit additional evidence, which was granted.  (<u>Id.</u> at pp.
13-21).  Plaintiff submitted a second request for a second
extension of time to the Appeals Council, which was denied.  (<u>Id.</u>
at p. 7).

On July 9, 2014, the Appeals Council denied Plaintiff's
request for review and rendered the ALJ's January 8, 2014
decision as the final administrative decision by the Commissioner
of Social Security.  (<u>Id.</u> at pp. 3-5).

The Appeals Council addressed Plaintiff's claim that she
believed she was entitled to benefits since March 1, 2008.  The
Appeals Council explained that payments of Supplemental Security

13

Income benefits may not be made for any period before either the first month following the filing date of Plaintiff's successful application for benefits or, if later, the first month following the date upon which she met all conditions of eligibility. (<u>Id.</u> at p. 4 (citing 20 C.F.R. § 416.501)).

The Social Security Administration provided notice to Plaintiff that the fee agreement between Plaintiff and Attorney Tolin was approved and he was entitled to $3,706.25 as a result of their fee agreement. (Letter from the Social Security Administration to Plaintiff dated June 27, 2014, attached as Ex. 8 to Pla.'s Opening Brief, ECF No. 33-9). The letter explained that attorneys who are registered for direct payment will receive payment from withholdings of the claimant's past-due benefits, otherwise the claimant is responsible for ensuring payment. (<u>Id.</u>)

On July 28, 2014, Plaintiff's former attorney Richard Tolin informed her that he received his full attorney's fee by direct payment from withholdings of Plaintiff's past-due benefits, as approved by the Social Security Administration. (Letter from Richard Tolin to Plaintiff dated July 28, 2014, attached as Ex. 9 to Pla.'s Opening Brief, ECF No. 33-10).

## STANDARD OF REVIEW

### Subject Matter Jurisdiction

A federal court must dismiss an action when it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing obligation to determine whether subject matter jurisdiction exists.  Leeson v. Transam. Disability Income Plan, 671 F.3d 969, 975 n.12 (9th Cir. 2012).  The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Federal courts do not have subject matter jurisdiction over cases where the federal government is a defendant and Congress has not explicitly waived sovereign immunity.  United States v. Mitchell, 445 U.S. 535, 538 (1980); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  As a sovereign, the United States is immune from suit and can be sued only to the extent it has waived its sovereign immunity.  Mitchell, 445 U.S. at 538.  Any waiver of sovereign immunity must be "unequivocally expressed."  Id.

Congress has strictly limited the United States' waiver of sovereign immunity in the Social Security context.  Waiver is limited to the Commissioner of Social Security's final decisions denying Social Security benefits pursuant to 42 U.S.C. § 405(g)

15

and 42 U.S.C. § 405(h) of the Social Security Act.  Matthews v. Eldridge, 424 U.S. 319, 327 (1976).

A plaintiff may seek federal district court review of a decision by the Social Security Administration as to the claimant's entitlement to benefits only after a "final decision" has been issued by the Social Security Administration's Commissioner.  A plaintiff must exhaust all administrative remedies before seeking judicial review of a final agency decision.  42 U.S.C. § 405(g).

**Review of the Social Security Commissioner's Final Decision Regarding a Claimant's Application for Supplemental Security Income Benefits**

Supplemental Security Income benefits are available to individuals who are disabled and meet certain income and asset limits.  42 U.S.C. §§ 1381-83f; 20 C.F.R. §§ 416.101-416.2227.

A claimant is disabled under the Social Security Act if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

A decision by the Commissioner of Social Security must be affirmed by the District Court if it is based on proper legal standards and the findings are supported by substantial evidence

on the record as a whole.  See 42 U.S.C. § 405(g); <u>Andrews v.</u>
<u>Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971);
<u>see</u> <u>Tylitzki v. Shalala</u>, 999 F.2d 1411, 1413 (9th Cir. 1993).

## **ANALYSIS**

As an initial matter, the district court observes that the
Plaintiff is proceeding pro se.  A pro se litigant's pleadings
are construed more liberally than pleadings drafted by counsel.
<u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Wolfe v.</u>
<u>Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004).

Leniency toward the pro se litigant is given when she
technically violates a procedural rule but "a pro se litigant is
not excused from knowing the most basic pleading requirements."
<u>Am. Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104,
1107-08 (9th Cir. 2000); <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th
Cir. 1986).

## I.   **The Court Lacks Subject Matter Jurisdiction to Review Plaintiff's Claims Against the Social Security Administration that Are Precluded by 42 U.S.C. §§ 405(g),(h)**

The Social Security Act sets forth the procedures for
payment of Supplemental Security Income benefits as well as an

17

administrative scheme for resolving disputes between claimants and the Social Security Administration.  42 U.S.C. § 1383.

Judicial review of decisions relating to a claimant's application for Supplemental Security Income are subject to the limitations set forth in 42 U.S.C. § 405(g).  42 U.S.C. § 1383(c)(3).

Section 405(g) limits a federal court's jurisdiction to review final decisions of the Commissioner of Social Security. 42 U.S.C. 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a part, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

> 42 U.S.C. § 405(g).

Section 405(h) addresses the exclusivity of judicial review pursuant to Section 405(g).  42 U.S.C. § 405(h), as stated in the Social Security Act, provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

> 42 U.S.C. § 405(h).

The United States Supreme Court has found that Section

18

405(g) provides the exclusive mechanism for bringing Social Security Act claims in federal court.  <u>Shalala v. Ill. Council on Long Term Care, Inc.</u>, 529 U.S. 1, 10 (2000).  Section 405(h) bars all other claims, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act.  <u>Heckler v. Ringer</u>, 466 U.S. 602, 614-15 (1984).

Plaintiff, proceeding pro se, has filed an Amended Complaint against the Commissioner of the Social Security Administration.  (Amended Complaint, ECF No. 28).  In Plaintiff's Amended Complaint, she seeks judicial review of the Commissioner of Social Security's decision to grant her application for Supplemental Security Income only from the date of April 27, 2012, rather than the date of her previous application.  (<u>Id.</u>)  Plaintiff's Amended Complaint also seeks review of the following decisions by the Social Security Administration:

1. The Social Security Administration's denial of an application for Supplemental Security Income she filed on October 18, 2010;

2. A decision by the Social Security Administration to pay reimbursement of interim assistance to the State of Hawaii while Plaintiff's application for Supplemental Security Income was pending;

3. A decision by the Social Security Administration approving the fee agreement Plaintiff entered into with her Attorney Richard Tolin and paying him attorney's fees.

(Amended Complaint, ECF No. 28).

19

The Court only has subject matter jurisdiction to review the final decision by the Commissioner of Social Security as to Plaintiff's application for Supplemental Security Income which was filed on April 27, 2012.  42 U.S.C. § 405(g).

The Court is without jurisdiction to consider Plaintiff's remaining three challenges asserted against the Social Security Administration.  42 U.S.C. §§ 405(g), (h).

**1.   The Court Does Not Have Jurisdiction to Review Plaintiff's Unexhausted Challenge to the Denial of Her October 18, 2010 Application for Supplemental Security Income**

A plaintiff may seek review of a denial of Social Security benefits in federal court only after a "final decision" has been issued by the Social Security Administration's Commissioner.  42 U.S.C. § 405(g).  A plaintiff must exhaust all administrative remedies before seeking judicial review of a final agency decision.  42 U.S.C. § 405(g).

The Social Security Administration's regulations require a claimant to complete a four-step administrative review process to present a claim and obtain a judicially reviewable final decision.  20 C.F.R. § 416.1400(a).  If the claimant does not pursue all levels of administrative review, the claimant is bound by the unappealed administrative determination.  20 C.F.R. § 416.1400(b).

20

At the first agency level, the Social Security Administration makes an initial determination about the claimant's entitlement to benefits.  20 C.F.R. § 416.1402.  If the claimant is dissatisfied with the initial determination, he or she may ask for reconsideration within 60 days.  20 C.F.R. § 416.1407; 20 C.F.R. § 416.1409(a).  If the claimant is dissatisfied with the reconsideration determination, he or she may, within 60 days, request a hearing before an Administrative Law Judge.  20 C.F.R. §§ 416.1429, 416.1433.

If the claimant is dissatisfied with the decision of the Administrative Law Judge, he or she may, within 60 days, request that the Appeals Council review the decision.  20 C.F.R. §§ 416.1467, 416.1468.  Only after the Appeals Council either issues its own decision, or denies the request for review, has the claimant completed all the administrative steps.  20 C.F.R. § 416.1400(a)(5).

Only upon the completion of the full administrative review process is there a "final decision of the Commissioner" that triggers the right to judicial review.  42 U.S.C. §§ 405(g), 42 U.S.C. § 1383(c); 20 C.F.R. § 416.1400(a)(5).

In her Amended Complaint, Plaintiff seeks review of her application for Supplemental Security Income filed on October 18, 2010.  (Amended Complaint at ¶ 2, ECF No. 28).  On December 8, 2010, the Social Security Administration denied Plaintiff's

October 18, 2010 Supplemental Security Income Application at the
first agency level.  See 20 C.F.R. § 416.1402 (Notice of
Disapproved Claim dated December 8, 2010, attached as Ex. 12 to
Pla.'s Opening Brief, ECF No. 33-13).

The Social Security Administration's initial denial of a
Supplemental Security Income application is binding unless the
claimant timely seeks reconsideration.  20 C.F.R. § 416.1405;
see 20 C.F.R. § 416.1400(b) (if a claimant is dissatisfied with a
determination but does not take the next step within the stated
time period, the claimant will lose the right to further
administrative review).

There is no evidence that Plaintiff sought reconsideration
of the Social Security Administration's denial of her October 18,
2010 Application.

This Court is without jurisdiction to review any challenge
to the Social Security Administration's adjudication of
Plaintiff's October 18, 2010 Supplemental Security Income
Application.  Plaintiff failed to exhaust the available
administrative remedies for her October 18, 2010 application and
did not obtain a final decision of the Commissioner of Social
Security.  42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99,
108-09 (1977).

Plaintiff's claim relating to her October 18, 2010
application is **DISMISSED WITH PREJUDICE** for lack of subject

22

matter jurisdiction.

> **2.    The Court Lacks Jurisdiction to Review Challenges to the Social Security Administration's Reimbursement to the State of Hawaii for Interim Assistance**

At the hearing, Plaintiff stated that she no longer wishes to challenge the Social Security Administration's reimbursement payments to the State of Hawaii.  Plaintiff said she received the payments back from the State.  The Court finds Plaintiff has withdrawn her request for reversal of reimbursement payment to the State of Hawaii.

Given the inconsistencies in Plaintiff's arguments and the fact that Plaintiff did challenge the reimbursement payment in her Opening Brief, the Court believes it is prudent to review Plaintiff's claim.  (Pla.'s Opening Brief at p. 10, ECF No. 33).

Plaintiff argues in her Opening Brief that the Social Security Administration "unlawfully dispersed $6605.00 to the State of Hawaii." (Pla.'s Opening Brief at p. 10, ECF No. 33). Plaintiff attached a letter from the Social Security Administration to her dated Feb. 13, 2014.  (SSA Letter to Plaintiff dated February 13, 2014, attached as Ex. 10 to Pla.'s Opening Brief, ECF No. 33-11).  In the letter, the Social Security Administration informed Plaintiff that it had paid $6,605.00 to the State of Hawaii for interim assistance payments that were made to Plaintiff while Plaintiff's application for

Supplemental Security Income was pending.  (Id.)  The letter
states that Plaintiff agreed in writing that the State of Hawaii
would be repaid the money that it had paid her.  (Id.)

This Court lacks jurisdiction to review this claim.  Section
1383(g) of Title XVI of the Social Security Act governs
reimbursement to States for interim assistance payments.  42
U.S.C. § 1383(g).  The Social Security Act makes clear that "any
disagreement concerning payment by the Commissioner of Social
Security as to a State" pursuant to the interim assistance
program is not subject to judicial review.  42 U.S.C. §
1383(g)(5); Barker v. Comm'r of Soc. Sec., 2015 WL 630878, *3-*4
(D. Or. Feb. 12, 2015).

Federal District Courts have routinely held that Section
1383(g)(5) of the Social Security Act "plainly manifests
Congress' express intention that decisions of the Commissioner
regarding reimbursements of interim assistance not be subject to
judicial review."  Barker, 2015 WL 630878, *3 (citing Page v.
Comm'r of Soc. Sec., 2009 WL 837705, at *11 (E.D. Mich. Mar. 24,
2009); McConnell v. Colvin, 2014 WL 5660377, at *6 (N.D.N.Y.
Sept. 5, 2014)).

Plaintiff's claim relating to the Social Security
Administration's reimbursement payments to the State of Hawaii is
**DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**3.   The Court Lacks Jurisdiction to Review Plaintiff's**

**Claim Relating to Her Fee Agreement with Attorney Tolin**

42 U.S.C. § 406(a)(2)(A) provides that a Social Security claimant's attorney may obtain fees for the representation of the claimant before the Administration pursuant to the "fee agreement process." The fee agreement process requires the attorney and the claimant to enter into a written fee agreement and submit it to the Administration before the Administration issues a determination of the claimant's benefits. 42 U.S.C. § 406(a)(2)(A). If the Administration issues a determination favorable to the claimant, the Administration "shall approve" the fee agreement at the time of the determination, provided the fee does not exceed the lesser of 25% of the claimant's past-due benefits or $6,000. Id.

In this case, Plaintiff and her former attorney Richard Tolin completed the fee agreement process. In August 2013, Plaintiff retained Attorney Tolin to assist her in proceedings before the Administrative Law Judge. Plaintiff signed a fee agreement with Attorney Tolin that authorized him to collect fees pursuant to 42 U.S.C. § 406. (Fee Agreement, AR at p. 116, ECF No. 14).

Attorney Tolin represented Plaintiff at a hearing before the Administrative Law Judge and on January 8, 2014. T he Administrative Law Judge issued the order approving Plaintiff's April 27, 2012 Application for Supplemental Security Income

25

benefits.  (Order of the Administrative Law Judge Granting
Application dated January 8, 2014, AR at pp. 33-38, ECF No. 14).
At the same time, the Administrative Law Judge issued an order
approving the fee agreement entered into by Plaintiff and
Attorney Tolin.  (Order of Administrative Law Judge Approving Fee
Agreement dated January 8, 2014, AR at p. 32, ECF No. 14).  The
Order Approving the Fee Agreement informed Plaintiff that she may
request review of the order either as to the fee agreement
approval or the fee agreement amount by filing a request within
fifteen days. (<u>Id.</u>)  Plaintiff never sought administrative review
of the Order Approving Fee Agreement.

On July 28, 2014, Attorney Tolin, was paid $3,706.25 in
fees, 25% of Plaintiff's past-due Supplemental Security Income
benefits, as provided in their approved fee agreement.  (Letter
from Attorney Tolin to Plaintiff dated July 28, 2014, attached as
Ex. 9 to Pla.'s Opening Brief, ECF No. 33-10).

Plaintiff contends in her Amended Complaint that the Social
Security Administration improperly awarded her former attorney
Richard Tolin $3,706.25 in fees pursuant to their fee agreement.
(Amended Complaint at ¶ 6a, ECF No. 28).  Plaintiff requests the
return of the attorney's fees in her Opening Brief.  (Pla.'s
Opening Brief at p. 2, ECF No. 33).

The Court is without jurisdiction to consider Plaintiff's
challenges to the fee agreement she entered with Attorney Tolin

and the payment made to Attorney Tolin.  42 U.S.C. § 406(a)(3)(C)
of the Social Security Act grants the Social Security
Administration exclusive jurisdiction to award attorney's fees
for representation of a Social Security claimant in proceedings
before the Administration.  42 U.S.C. § 406(a)(3)(C); Clark v.
Astrue, 529 F.3d 1211, 1215 (9th Cir. 2008).

The regulations applicable to the Social Security Act state
that an action regarding "the fee that may be charged or received
by a person who has represented [the claimant] in connection with
a proceeding before [the agency]" is not subject to judicial
review.  20 C.F.R. § 416.1403(a)(6); see S.S.R. 82-19c (1982),
1982 WL 31419.  Courts have found that claims challenging an
award of legal fees to an attorney who represented a claimant at
the administrative level are not judicially reviewable.
Schneider v. Richardson, 441 F.2d 1320, 1321 (6th Cir. 1971) (per
curiam); Copaken v. Califano, 590 F.2d 729, 730 (8th Cir. 1979)
(per curiam).

The Ninth Circuit Court of Appeals has found that a
colorable constitutional challenge may provide an exception to
the jurisdictional bar on reviewing challenges to the agency's
non-final decisions.  Klemm v. Astrue, 543 F.3d 1139, 1144 (9th
Cir. 2008).  Plaintiff has not alleged a colorable constitutional
claim in either her Amended Complaint or her Opening Brief that
would provide the Court with jurisdiction.  (Amended Complaint at

27

ECF No. 28, Pla.'s Opening Brief, ECF No. 33).

The Court does not have jurisdiction to review Plaintiff's claims related to the attorney's fees provided to Attorney Tolin. 42 U.S.C. § 406(a)(3)(C); <u>Clark</u>, 529 F.3d at 1215.

Plaintiff's claim regarding her fee agreement and the attorney's fees paid to Attorney Tolin is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

## II.   Substantial Evidence Supports the ALJ's Decision Finding Plaintiff's Onset Date of Disability Was April 27, 2012

Plaintiff argues that the ALJ erred when granting her April 27, 2012 application for Supplemental Security Income benefits by finding that her onset date of disability was April 27, 2012. (Amended Complaint at ¶¶ 2, 5, ECF No. 28; Pla.'s Opening Brief at pp. 2, 8, ECF No. 33).

The Social Security Administration has implemented procedures establishing when a person is disabled so as to be entitled to benefits under the Social Security Act, 42 U.S.C. §§ 423, 1382c; <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520; 416.920).

The ALJ followed the procedures prescribed by the Social Security Act and found that Plaintiff was disabled as of April 27, 2012.  (AR at pp. 33-38, ECF No. 14).

The ALJ found that there was no basis for reopening

28

Plaintiff's October 18, 2010 Application for benefits that she failed to pursue. (AR at p. 33, ECF No. 14). The ALJ stated in the Order, "The undersigned does not find a basis for reopening claimant's prior Title II application (20 CFR 404.988). Social Security Ruling 91-5p was also considered and does not apply in this case." (Id.) The regulation and Social Security Ruling cited by the ALJ explain that reopening a prior application requires "good cause." The ALJ found that there was no good cause presented by the Plaintiff that would allow for reopening pursuant to the governing laws. (Id.)

This Court is without jurisdiction to review the ALJ's decision to deny reopening Plaintiff's prior application for Social Security benefits. 20 C.F.R. § 416.1403(a)(5) precludes judicial review of a denial of a request to reopen a prior application. Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir. 1982) (finding that the agency's decision to deny reopening of a application for Social Security benefits is discretionary and not subject to judicial review).

Plaintiff's counsel at the administrative hearing, in Plaintiff's presence, amended Plaintiff's alleged onset date of disability to April 27, 2012. (Id. at pp. 33, 42, ECF No. 14). Plaintiff contends in her pleadings that she has been disabled since at least March 1, 2008 and should be entitled to benefits prior to April 27, 2012. ((Amended Complaint at ¶¶ 2, 5, ECF No.

28; Pla.'s Opening Brief at pp. 2, 8, ECF No. 33).

Plaintiff misunderstands the law.  Plaintiff was not entitled to Supplemental Security Income benefits prior to demonstrating that she was eligible for benefits.  Plaintiff abandoned her October 18, 2010 application.  Plaintiff never submitted the necessary evidence to prevail on her October 18, 2010 application.

Plaintiff's April 27, 2012 filing was the earliest date upon which the Administrative Law Judge could have found that Plaintiff was eligible for benefits.  Plaintiff, with the assistance of counsel, was able to provide sufficient evidence to support her April 27, 2012 application for Supplemental Security Income.  The exhaustion of Plaintiff's April 27, 2012 application in the first two steps of administrative review allowed the Administrative Law Judge to examine the evidence and award Plaintiff benefits as of the filing date of her April 27, 2012 application.

Pursuant to 42 U.S.C. § 1382(c)(7), an application for Supplemental Security Income "shall be effective on **the later of** (A) the first day of the month following the date such application is filed, or (b) the first day of the month following the date such individual become eligible for such benefits with respect to such application."  42 U.S.C. § 1382(c)(7) (emphasis added).

30

The agency's regulations are clear that payment of
Supplemental Security Income benefits "may not be made for any
period that precedes the first month following the date on which
an application is filed or, if later, the first month following
the date all conditions for eligibility are met."  20 C.F.R. §
416.501.  Pursuant to 20 C.F.R. § 416.335, "the earliest month
for which [the agency] can pay [the claimant] benefits is the
month following the month [the claimant] filed the application."
20 C.F.R. § 416.335.

Plaintiff was unable to reopen her October 18, 2010
application for benefits because she failed to provide the Social
Security Administration with the evidence that it had requested
and did not demonstrate good cause for her failure to pursue her
administrative remedies.

Plaintiff filed a new application for Supplemental Security
Income approximately a year and a half later on April 27, 2012.
In Plaintiff's new application she was able to demonstrate
through medical evidence that she was disabled as of the filing
of her April 27, 2012 application.  The earliest date that
Plaintiff was eligible to receive Supplemental Security Income
benefits was May 1, 2012, the month following the date of her
application.  42 U.S.C. § 1382(c)(7); 20 C.F.R. §§ 416.335,
416.501.

The ALJ did not err in relying on the representations of

31

Plaintiff's attorney to find that, as a matter of law, Plaintiff's onset date of disability was April 27, 2012. Plaintiff's claims that she was entitled to benefits before April 27, 2012 are without merit.  April 27, 2012 was the date of Plaintiff's application for Supplemental Security Income that was subject to review by the ALJ.  The April 27, 2012 application was supported by medical evidence that documented Plaintiff's disability and it was the earliest date that Plaintiff could have been deemed disabled by the ALJ for purposes of receiving benefits.

The Court has reviewed the entire record and finds that there is substantial evidence to support the ALJ's January 8, 2014 decision.


### CONCLUSION

Plaintiff's Amended Complaint (ECF No. 28) is **DISMISSED IN PART, WITH PREJUDICE, as follows:**

**(1)** Plaintiff's unexhausted challenge to the denial of her October 18, 2010 Application for Supplemental Security Income is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**(2)** Plaintiff's claim relating to the Social Security Administration's reimbursement payments to the State of Hawaii is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**(3)** Plaintiff's claim regarding her fee agreement and the attorney's fee paid to Attorney Tolin is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

The Commissioner of Social Security Administration's decision rendered by the Administrative Law Judge on January 8, 2014 and deemed final by the Appeals Council on July 9, 2014 is **AFFIRMED.**

The Clerk of Court is Ordered to **CLOSE THE CASE.**


IT IS SO ORDERED.


DATED: February 22, 2016, Honolulu, Hawaii.


Helen Gillmor
United States District Judge


Deborah A. Berry v. Commissioner of Social Security Administration; Civ. No. 14-00414 HG-RLP; **ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 28) IN PART, WITH PREJUDICE and AFFIRMING THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**

33